**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4491**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYRONE GOODRUM,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, Chief District Judge.  (4:16-cr-00166-RBH-2)

Submitted:  February 28, 2019                     Decided:  March 15, 2019

Before NIEMEYER, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

W. James Hoffmeyer, LAW OFFICE OF W. JAMES HOFFMEYER, Florence, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Winston D. Holliday, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury returned a superseding indictment charging Tyrone Goodrum with conspiracy to commit wire fraud (18 U.S.C. § 1343 (2012)) and embezzlement of Government property (18 U.S.C. § 641 (2012)), in violation of 18 U.S.C. § 371 (2012). Goodrum was convicted following a jury trial, and the district court sentenced him to 46 months' imprisonment. Goodrum appeals, challenging the district court's denial of his Fed. R. Crim. P. 29 motion for a judgment of acquittal and arguing that the jury instructions constructively amended the indictment. For the reasons that follow, we affirm Goodrum's conviction.

## 1. Denial of Rule 29 motion.

This Court reviews de novo the denial of a Rule 29 motion for a judgment of acquittal, and "must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the government, to support it." *United States v. Edlind*, 887 F.3d 166, 172 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 U.S. 203 (2018). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). "A defendant bringing a sufficiency challenge must overcome a heavy burden," as reversal is "confined to cases where the prosecution's failure is clear." *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015) (internal quotation marks omitted).

Goodrum was charged with violating 18 U.S.C. § 371, which penalizes an individual who conspires with another "to commit any offense against" an agency of the

United States and "act[s] to effect the object of the conspiracy." 18 U.S.C. § 371. Here, there were two objects of the conspiracy: embezzlement of Government funds, in violation of 18 U.S.C. § 641, and wire fraud, in violation of 18 U.S.C. § 1343.

Viewed in the light most favorable to the Government, the evidence presented at trial showed that Roselyn Goodrum ("Roselyn"), Goodrum's wife, was the County Executive Director for the Farm Service Agency ("FSA"), a part of the United States Department of Agriculture, in Florence County, South Carolina. Through the Emergency Conservation Program ("ECP"), the FSA provides emergency federal funds to assist farmers in repairing farm damage sustained during a natural disaster.

After an ice storm in 2014, Roselyn prepared several fraudulent ECP applications in the names of family members. Although the family owned land, it had not been farmed in years, and the applications listed properties that Roselyn's family did not own or farm. One of the applications was made in the name of Goodrum's mother, Annie Goodrum ("Annie") for $21,060. The application assigned $18,500 of the $21,060 to Goodrum, to be deposited in a bank account he held jointly with Roselyn. The United States Department of the Treasury sent Goodrum a letter informing him that $18,499 of the payment was diverted to pay his outstanding child support obligations, with the remaining $1 deposited in the designated account.

At trial, the Government asked Annie whether she had discussed the money that was paid for Goodrum's child support obligations. Annie testified that she confronted Goodrum about the $18,500 and he claimed to have obtained the money to clean up the farm. Annie asked him how he could do this if he had already used the money. Annie

3

gave Goodrum the $2560 deposited into her account to pay workers to perform farm cleanup, but there was no evidence that any of the money disbursed pursuant to the ECP application was used to clean up the actual parcels identified in the application. In particular, none of the $18,500 assigned to Goodrum was used for storm damage remediation at any farm.

Goodrum argues that, based on the indictment—which recited the objects of the conspiracy in the conjunctive—the Government was required to prove conspiracy to embezzle from the United States *and* to commit wire fraud. However, "[c]ourts have uniformly upheld multiple-object conspiracies, and they have consistently concluded that a guilty verdict must be sustained if the evidence shows that the conspiracy furthered any one of the objectives alleged." *United States v. Bolden*, 325 F.3d 471, 492 (4th Cir. 2003) (citing *Griffin v. United States*, 502 U.S. 46 (1991)). Thus, the evidence need only show that a conspiracy furthered either the embezzlement object or the wire fraud object for this court to sustain the guilty verdict against Goodrum. In any event, we hold that the evidence was sufficient to establish that Goodrum furthered both objects of the conspiracy.

## A. Embezzlement of Government funds.

To convict a defendant of embezzlement of federal funds under § 641, the Government must prove the money described in the indictment belonged to the federal Government and the defendant embezzled the funds with the intent to deprive the Government thereof. *United States v. Kiza*, 855 F.3d 596, 601 (4th Cir. 2017).

4

"Embezzlement" in the context of § 641 includes the fraudulent appropriation of money. *Cf. United States v. Smith*, 373 F.3d 561, 565-66 (4th Cir. 2004).

It is undisputed that Roselyn violated § 641 by submitting fraudulent applications for reimbursement for natural disaster cleanup efforts following the 2014 ice storm. Goodrum argues, however, that there was no evidence that he participated in this scheme with his wife. We disagree.

As we have stated:

> To uphold a conspiracy conviction, there need only be a showing that the defendant knew of the conspiracy's purpose and some action indicating his participation. These elements can be shown by circumstantial evidence such as his relationship with other members of the conspiracy, the length of this association, his attitude, conduct, and the nature of the conspiracy.

*United States v. Landersman*, 886 F.3d 393, 406 (4th Cir. 2018) (internal quotation marks omitted). Here, evidence showed that $18,500 of the payment from the fraudulent ECP application Roselyn prepared in Annie's name directly benefitted Goodrum because it was applied to satisfy his child support obligations. And while Goodrum told his mother that the $18,500 was acquired to pay for storm remediation on the farm, none of those funds were used to clean up the farms identified in the application. Instead, they were used to fulfill Goodrum's child support obligations. Annie later asked how Goodrum was going to clean up the land when he had already spent the money he received to do so. Thus, Goodrum knew the funds were not used for farm remediation. We conclude that there was substantial evidence to support Goodrum's guilt of conspiracy to embezzle Government funds.

5

**B.     Wire Fraud**.

Under § 1343, wire fraud occurs when a defendant:

> [H]aving devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice.

18 U.S.C. § 1343. "[T]he essential elements of wire fraud [under § 1343] are (1) the existence of a scheme to defraud and (2) the use of a wire communication in furtherance of the scheme." *United States v. Vinson*, 852 F.3d 333, 355 (4th Cir. 2017) (internal quotation marks omitted).

Here, there was substantial evidence that Goodrum participated in the conspiracy with his wife to commit wire fraud. First, there was a scheme to defraud, when Roselyn filed false ECP applications for funds to clean up storm damage on farms that the family neither farmed nor owned. Second, Goodrum received funds from one of these fraudulent applications, the bulk of which were applied to Goodrum's child support obligations. Goodrum's mother's testimony showed that Goodrum knowingly participated in the conspiracy, because he knew the $18,500 was intended for storm cleanup but the funds were never used for that purpose.

Goodrum argues that there was no evidence of his knowing participation in the objects of the conspiracy because the Government did not prove that (a) he received the letter from the Treasury Department advising him that the bulk of the ECP funds were diverted to pay his child support obligations; (b) he knew that $1 was deposited in his

6

bank account; or (c) even if he knew, that he would understand why that dollar had been deposited. However, Goodrum's mother's testimony demonstrated his knowledge.

We conclude that there was substantial evidence to show Goodrum knew the purpose of the conspiracy and took action indicating his participation in both objects of the conspiracy. We therefore affirm the district court's denial of the Rule 29 motion for a judgment of acquittal.

## 2.    Jury instructions.

Goodrum argues that the district court violated his Fifth Amendment rights by giving jury instructions that constructively amended the indictment. We review de novo a claim that the jury instructions constructively amended the indictment. *United States v. Pinson*, 860 F.3d 152, 171 (4th Cir. 2017). Because Goodrum did not challenge the jury instructions in the district court, this claim is reviewed for plain error. *United States v. Udeozor*, 515 F.3d 260, 271 (4th Cir. 2008).

The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. "[I]t is the exclusive province of the grand jury to alter or broaden the charges set out in an indictment." *United States v. Moore*, 810 F.3d 932, 936 (4th Cir. 2016) (internal quotation marks omitted). "Accordingly, it is well established that a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Id.* (internal quotation marks omitted). "A constructive amendment occurs when the court alters the elements of the charged offense listed in the

7

indictment, so that the defendant is actually convicted of a crime other than the one charged." *Pinson*, 860 F.3d at 171.

In this case, the indictment listed the objects of the conspiracy—embezzlement of money belonging to the United States and wire fraud—in the conjunctive. However, the district court instructed the jury that it could find Goodrum guilty if he conspired to embezzle money from the United States, in violation of 18 U.S.C. § 641, *or* if it found that he conspired to commit wire fraud, in violation of 18 U.S.C. § 1343. Goodrum contends that these instructions amounted to a constructive amendment of the indictment.

In the case of multi-object conspiracies, "a guilty verdict must be sustained if the evidence shows that the conspiracy furthered any one of the objects alleged." *Bolden*, 325 F.3d at 492. When a statute is worded in the disjunctive, the indictment must charge in the conjunctive to fully inform a defendant of the charges against him. *United States v. Shmuckler*, 792 F.3d 158, 162 n.4 (D.C. Cir. 2015); *United States v. Cox*, 536 F.3d 723, 727 (7th Cir. 2008). By charging the objectives of the conspiracy in the conjunctive, the indictment in this case fully informed Goodrum of the charges against him. However, Goodrum could be convicted if the evidence supported a conclusion that the conspiracy furthered *either* embezzlement of Government funds *or* wire fraud. The district court thus did not err, plainly or otherwise, in instructing the jury in the disjunctive.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

8